T.C. Memo. 2009-49

UNITED STATES TAX COURT

EDWIN RITTER JONAS, III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6384-07.                    Filed March 5, 2009.

Edwin Ritter Jonas, III, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined deficiencies with
respect to petitioner's Federal income taxes as follows:

| <u>Year</u> | <u>Deficiency</u> |
|------|------------|
| 2002 | $10,193 |
| 2003 | 287 |

The issue for decision after concessions[1] is whether petitioner is entitled to a $36,000 alimony deduction under section 215(a) for each of the years 2002 and 2003 (the years at issue).[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with attached exhibits, are incorporated herein by this reference. At the time petitioner filed his petition, he resided in Montana.

Petitioner divorced his wife, Linda Jonas (Ms. Jonas), in New Jersey in 1988. On January 12, 1996, after a series of acrimonious legal battles involving child custody and alimony issues, the Superior Court of New Jersey Chancery Division (Chancery Division) imposed on a portion of his property a constructive trust for the benefit of Ms. Jonas. The Chancery Division instructed that the property would be used to guarantee payments of medical expenses, child support, alimony, and counsel fees to Ms. Jonas, as well as reimbursements to a child's

[1]Petitioner concedes that he underreported his gross receipts by $15,049 in 2002 and $3,706 in 2003. Respondent concedes that petitioner is entitled to a home mortgage interest expense deduction of $7,748 for 2002.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

brokerage account and other expenses as deemed necessary.  Ms. Jonas was authorized to sell trust property to ensure payment of spousal and child support.

On May 19, 1999, the Chancery Division ordered petitioner to make alimony and other support payments of $3,000 per month to Ms. Jonas.  Petitioner did not make the payments, and real property held in constructive trust was sold in order to provide Ms. Jonas with funds for arrearages, attorney's fees, alimony, and child support.  These funds were exhausted by the end of 2001.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for both 2002 and 2003.  Petitioner claimed a $36,000 alimony deduction for each year.  However, petitioner did not make direct alimony payments to Ms. Jonas in either 2002 or 2003, nor did Ms. Jonas receive payments from petitioner of any kind during those years.

On February 6, 2006, petitioner executed a Form 872, Consent to Extend the Time to Assess Tax, for 2002 and 2003, thereby extending the period of limitations until December 31, 2007.  On February 13, 2006, respondent executed the extension.

On May 23, 2006, the Chancery Division entered an order against petitioner for $243,000 in unpaid alimony from April 1, 1999, through December 31, 2005.  The Chancery Division also entered a judgment against petitioner for $695,477 and interest

of $147,205 for accruals resulting from petitioner's divorce from Ms. Jonas.

On January 4, 2007, respondent timely mailed a notice of deficiency to petitioner. The notice disallowed alimony deductions petitioner claimed in both 2002 and 2003. Petitioner filed a timely petition with this Court, and a trial was held on April 21, 2008, in Philadelphia, Pennsylvania.

OPINION

Section 215(a) provides that an individual is allowed as a deduction the amount equal to the alimony or separate maintenance payments paid during the individual's taxable year. The term "alimony or separate maintenance payment" means any alimony or separate maintenance payment (as defined in section 71(b)) which is includable in the gross income of the recipient under section 71. Sec. 215(b). For Federal income tax purposes, payments are alimony includable in a spouse's gross income when the following requirements are met: (1) The payments are made in cash, (2) the payments are received by (or on behalf of) the spouse under a divorce or separation instrument, (3) the divorce or separation instrument does not provide that the payments are not reportable as alimony, (4) the spouses, if legally separated under a decree of divorce or of separate maintenance, reside in separate households at the time the payments are made, (5) the spouses do not file a joint return, and (6) there is no liability to make

any such payment, or a substitute for such payment, in cash or property, after the death of the payee spouse. Sec. 71(b)(1)(A)-(D), (e). Petitioner bears the burden of proving respondent's determinations are incorrect. See Rule 142(a).

Petitioner has failed to satisfy the requirements of section 71. Petitioner did not make any payments to Ms. Jonas during the years at issue. Petitioner paid nothing to Ms. Jonas directly during those years, and the proceeds from the sale of property held in constructive trust were exhausted by the end of 2001. Although the Chancery Division ordered petitioner to make payments for the years at issue that would have constituted alimony had they been made, petitioner made no payments. Therefore, we hold that petitioner is not entitled to alimony deductions for the years at issue.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.